IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas Clement, | ) | Case No. 6:24-cv-03863-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Johnathan McWhite and Kate McGrath, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On July 1, 2025, Defendant McGrath filed a motion to dismiss. ECF No. 50. On July 21, 2025, Defendant McWhite filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 58. These motions have been fully briefed. On November 6, 2025, the Magistrate Judge issued a Report recommending that both motions be granted. ECF No. 97. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, Defendant McGrath filed a reply, and Plaintiff filed an unauthorized sur-reply.[1] ECF Nos. 103, 104, 106.

---

[1] Plaintiff's sur-reply has been considered out of an abundance of caution for a pro se party.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Plaintiff brings a claim for malicious prosecution related to indictment numbers 2020GS2303803, trafficking in illegal drugs in violation of S.C. Code. Ann. § 44-53-0370, and 2020GS2303804, failing to stop for a blue light. The Magistrate Judge recommends dismissal of 2020GS2303803 because the underlying conduct was adopted into a State Grand Jury Indictment and remains pending; accordingly, Plaintiff has failed

2

to state a claim for relief and abstention is appropriate under *Younger*.[2] The Magistrate Judge recommends granting the motions as to 2020GS2303804 because Plaintiff has failed to allege or establish that he was seized, detained, or prosecuted without probable cause. Because Plaintiff filed objections, the Court's review has been de novo.

### *Indictment Number 2020GS2303803*

In this indictment, Plaintiff was charged with trafficking in violation of S.C. Code Ann. § 44-53-0370. This indictment was dismissed on January 20, 2024; however, the same conduct was taken up by the State Grand Jury in the Twelfth Superseding Indictment. *Compare* ECF No. 72-2 at 2 *with* ECF No. 50-2 at 9–10. The Magistrate Judge concluded that Plaintiff's claim for malicious prosecution fails because the underlying conduct was adopted by the State and remains pending. Accordingly, Plaintiff has failed to state a plausible claim for relief; further, the Court should abstain pursuant to *Younger*.

Plaintiff generally objects and argues that the indictment was procured through false information; therefore, it is not supported by probable cause. He also contends that credibility determinations are necessary to rule on the pending motions and that Magistrate Judge Brown has viewed the evidence in the light most favorable to the moving party. Plaintiff contends that Defendant McWhite submitted false statements and accusations. Plaintiff states that he has submitted evidence supporting his version of

---

[2] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).

events including the search warrant and the bond form showing no special circumstances attached to the bond conditions. Plaintiff states that he has disputed the affidavits submitted by Defendants.

As an initial matter, as to any objection to the Magistrate Judge's evaluation of the evidence or facts in this case, these objections are overruled. There is no indication that the Magistrate Judge has improperly weighed the evidence against Plaintiff or failed to follow the relevant law.

Turning to the merits of this claim, the underlying conduct for which Plaintiff was indicted has been adopted by the State Grand Jury. An indictment has been returned as to this conduct. Accordingly, Plaintiff cannot maintain a claim for malicious prosecution. *See Williams v. Maye,* C/A No. 8:13-cv-02673-JMC, 2013 WL 5954801, at *3 (D.S.C. Nov. 7, 2013) ("[T]he issuance of the indictment in Plaintiff's state court case precludes Plaintiff's claims of false arrest and malicious prosecution because a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983."); *Clinton v. Berkeley Cnty.*, C/A No. 3:08-cv-10, 2009 WL 35331, at *4 (N.D.W. Va. Jan. 6, 2009) (dismissing the plaintiff's malicious prosecution claim because "[a]lthough the plaintiff's state criminal charges were eventually dropped, those charges were dropped because the plaintiff was indicted in federal court for the same criminal activity").

As set out by the Magistrate Judge, this evidence is sufficient to find in favor of Defendants as to a claim for malicious prosecution with respect to indictment number 2020GS2303803.

*Indictment Number 2020GS2303804*

In this indictment, Plaintiff was charged with failure to stop for a blue light. Like his other charges, this indictment was dismissed when the State Grand Jury decided to indict Plaintiff. This conduct was not specifically reindicted. The Magistrate Judge recommends that the motions be granted as to this claim.[3]

At issue here is the existence of probable cause. Plaintiff attempts to challenge whether Defendant McWhite had probable cause by challenging the underlying statements of Defendant McGrath. Plaintiff asserts that Defendant McGrath was "clearly calling all the orders within the operation." *See*, *e.g.*, ECF No. 89 at 3. However, such statements are not based upon Plaintiff's knowledge and are instead statements of his beliefs. The documents he points to in support of these conclusions do not support his inferences.

While Plaintiff has challenged the existence of probable cause with respect to his drug charges, he has not directly challenged whether there was probable cause to charge him with failure to stop for a blue light.[4] As noted by the Magistrate Judge, the evidence

---

[3] The Court briefly notes the evidence as considered by the Magistrate Judge. The Magistrate Judge states that there is no evidence in support of Plaintiff's position, particularly in the face of the sworn statements by Defendants. Plaintiff has provided two sworn statements. ECF Nos. 89, 92. The Magistrate Judge cites to these documents and it is apparent that he has reviewed them; however, it is not clear whether he considered them as sworn statements. Regardless, the undersigned has so considered them in making this ruling.

[4] The Court notes that Plaintiff avers that he "did nothing wrong . . . [and] didn't receive a driving ticket." ECF No. 92 at 7.

5

in the record establishes that a county magistrate concluded that probable cause existed for the stop. *See Moore v. Barnes*, C/A No. 2:23-cv-56-D, 2025 WL 2841495, at *17 (E.D.N.C. Sept. 30, 2025). *See also Staggs v. Spartanburg Cnty. Det. Ctr.*, C/A No. 8:22-cv-3852-HMH-JDA, 2022 WL 17742423, at *6 (D.S.C. Nov. 30, 2022) ("[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause."); *Brooks v. Zorn*, No. 2:22-cv-00739-DCN, 2024 WL 3982872, at *6 (D.S.C. Aug. 29, 2024) ("Taken together, the court must conclude that even though there is a right to resist an unlawful arrest under South Carolina law, when such an arrest is undertaken with probable cause for that arrest, the arrest is not unlawful, and the arrestee should submit peaceably."). Further, while Plaintiff challenges the statements by Defendant McGrath; Defendant McWhite was the arresting officer. Accordingly, upon review, the Court finds that Plaintiff's malicious prosecution claim fails with respect to indictment number 2020GS2303804.

## **CONCLUSION**

Accordingly, the Court agrees with the recommendation of the Magistrate Judge.[5] Defendant McGrath's motion to dismiss [50] is **GRANTED**. Defendant McWhite's motion for summary judgment [58] is **GRANTED**.

---

[5] The Court notes that the Magistrate Judge does not specifically address whether each claim is subject to dismissal or summary judgment. With respect to Defendant McGrath, the Court grants the motion to dismiss. In addition to the discussion above, the Court also acknowledges that Defendant McGrath was not the arresting officer. *Hubbard v. Bohman*, No. 1:11CV00716, 2013 WL 2645260, at *8 (M.D.N.C. June 11, 2013) ("Lastly, it bears mentioning that even if probable cause was an open question, the only proper Defendant would be Lt. Starling, as he was the only deputy who initiated criminal charges against Plaintiff."). With respect to Defendant McWhite, the Court has

6

IT IS SO ORDERED.

                                                           s/ Donald C. Coggins, Jr.
                                                           United States District Judge

February 20, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

considered the motion as one for summary judgment as it has reviewed matters outside the pleadings.